IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TITLE PRO CLOSINGS, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> TUDOR INSURANCE COMPANY, <br><br> Defendant & Third-Party Plaintiff, <br><br> v. <br><br> BRUCE R. HALL, CHICAGO TITLE INSURANCE COMPANY, et al., <br><br> Third-Party Defendants. | <br><br><br><br><br><br> Case No. 1:11-cv-673-MEF <br> (WO—Do not publish) |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

The Court has pending before it a bevy of motions filed by the horde of parties pursuing this case. The pending pleadings include a Motion to Realign the Parties (Doc. # 23) filed by the defendant and third-party plaintiff, Tudor Insurance Company ("Tudor"); a Motion to Strike Third Party Complaint (Doc. # 28) filed by the plaintiff, Title Pro Closings, L.L.C. ("Title Pro"); a Motion to Dismiss (Doc. # 37) filed by third-party defendant Bruce Hall ("Hall"); a Motion to Dismiss (Doc. # 48) filed by third-party defendant Chicago Title Insurance Company ("Chicago Title"); and, finally, a Motion to

1

Dismiss (Doc. # 49) filed and joined by a number of individual third-party defendants. Because the Court warned Tudor that adding new claims or parties would cause the Court to revisit its earlier decision to exercise its discretionary authority to hear the parties' declaratory judgment actions (*see* Doc. # 21), Title Pro's motion to strike and the motions to dismiss filed by the third-party defendants will be GRANTED IN PART and DENIED IN PART. They will be granted to the extent necessary to return the claims and parties to state court, which is the more appropriate venue. The motions will otherwise be denied as moot.

## II. BACKGROUND

This case had a thorny procedural history before the filing of the five motions now before the Court. Yet even further into the briar patch the parties have gone. Finding the way out of the thicket will require first describing the underlying state court actions and how they came to be in federal court. Next, it will be necessary to discuss a related action that Tudor filed in federal court and has since dismissed. And finally, a brief description of the posturing in the case at hand, along with an overview of the pending motions, will be necessary too.

### A. The Peterses' state court lawsuit

This adventure began on April 27, 2010, when Robert and Bethanie Peters ("the Peterses") filed suit against Title Pro and another defendant, Tammy Peters,[1] in the

---

[1] It is unclear whether Robert and Bethanie Peters are related to Tammy Peters.

Circuit Court of Houston County, Alabama.[2] The Peterses' various claims against Title Pro and Tammy Peters sounded in negligence, breach of contract, and fraud. Shortly after the Peterses filed suit, Title Pro sent its insurer, Tudor Insurance Company, a letter informing Tudor about the Peterses' claims. Even though the insurer had not been joined in the action, Tudor filed a motion to stay the proceedings, which the state court denied. But Tudor would get to participate soon enough: Title Pro filed a misnamed "Cross-Claim for Declaratory Judgment" against the insurer on August 27, 2010, thereby joining Tudor in the action as a third-party defendant.

On July 27, 2011—a little less than a year after impleading Tudor—Title Pro filed a motion to sever its declaratory judgment action against Tudor and have it set for trial. In effect, Title Pro's severance motion sought to cleave its declaratory action against Tudor from the underlying suit brought by the Peterses so as to have the question of insurance coverage decided separately. The state circuit court granted the motion on August 7, 2011, and calendared the case for trial. Tudor then removed the now-severed case to federal court. Title Pro moved to remand the action, but this Court denied the motion, finding that Tudor properly removed the case and that the Court should exercise its discretionary authority under the Declaratory Judgment Act. *See Title Pro Closings, L.L.C. v. Tudor Ins. Co.*, ___ F. Supp. 2d ___, No. 1:11-cv-673, 2012 WL 125117 (M.D. Ala. Jan. 17, 2012).

---

[2] From as best the Court can tell, the state court case is *Robert Peters v. Title Pro Closings, L.L.C.*, 10-cv-144.

3

## B. The other state court lawsuits against Title Pro

In addition to the state court suit filed by the Peterses, a number of other plaintiffs sued Title Pro and Tammy Peters in the Circuit Court of Houston County, Alabama, right around the same time.[3] On May 28, 2010, Tudor filed a declaratory judgment action in the United States District Court for the Middle District of Alabama. The case was assigned to Judge Thompson and styled *Tudor Insurance Company vs. Title Pro Closings, L.L.C.*, No. 1:10-cv-483. In its complaint, Tudor joined Title Pro as a defendant along with the Peterses, Chicago Title Insurance, and the various state court plaintiffs. Tudor sought a declaration that it owed no duty to defend and indemnify Title Pro as to the claims filed by the state court plaintiffs.

Meanwhile, in state court, the individual plaintiffs amended their complaints to add attorney Bruce Hall as a defendant. They alleged that Hall, as a principal of Title Pro, caused their losses. Hall filed a declaratory judgment action asking for a declaration that Tudor had the duty to defend and indemnify him. But due to the pending action in Judge Thompson's court dealing with the same question, Tudor filed a motion to dismiss Hall's declaratory action, which Judge Moulton, the state court judge presiding over the case, granted on September 1, 2011.

---

[3] The state court suits pending in the Circuit Court of Houston County, Alabama, are: *Jacob Alvestad v. Title Pro Closings, L.L.C.*, 10-cv-181; *Jacqui Burgoon v. Title Pro Closings, L.L.C.*, 10-cv-182; *Chester Nolin v. Title Pro Closings, L.L.C.*, 10-cv-134; *William Kirchner v. Title Pro Closings, L.L.C.*, 10-cv-209; *Ryan B. Dorminey v. Title Pro Closings, L.L.C.*, 10-cv-359; and *Debora R. Guice v. Title Pro Closings, L.L.C.*, 10-cv-301.

Back in federal court, on November 4, 2011, Tudor asked Judge Thompson to grant summary judgment in its favor, as did Chicago Insurance Company. Judge Thompson denied both motions on January 9, 2012, and set a trial date. Two days later, Tudor developed cold feet and filed a motion to dismiss its declaratory judgment action without prejudice. Judge Thompson granted the motion.

After Tudor dismissed the case, Hall revived his state court declaratory judgment action, asking Judge Moulton to rescind the circuit court's previous order, which had dismissed Hall's claim due to the pendency of the same claim before Judge Thompson. On February 2, 2012, Judge Moulton granted Hall's motion and reinstated his request for a declaration on Tudor's duty to defend and indemnify him. Presumably Judge Moulton reasoned that, because the claim was no longer pending in federal court, he could go ahead and hear it in state court.

### C. The posturing in this case

On February 10, 2012—less than a month after Tudor dismissed the declaratory judgment action pending before Judge Thompson, and eight days after Hall revived his declaratory judgment claim—the insurer attempted to assert the exact same claims in this case by filing a third-party complaint. Tudor added as third-party defendants the various state court plaintiffs who had sued Title Pro, Tammy Peters, and Bruce Hall. (Doc. # 22.) He also added Hall himself and Chicago Title Insurance Company. (*Id.*) Tudor added these litigants because, "the [t]hird[-][p]arty [d]efendants clearly have an interest in the

subject of the action, and the disposition of this action in their absence may leave the original parties to this lawsuit subject to the risk of incurring inconsistent obligations." (*Id.* at ¶ 22.) Having added all the necessary parties, Tudor sought a declaration that "it no longer has any duty to defend Title Pro Closings . . . or R. Bruce Hall with respect to civil litigation filed in the Circuit Court of Houston County, Alabama" and that it "has no duty to indemnify" them. (*Id.* at ¶ 23.)

Tudor's third-party complaint prompted the five motions now pending before the Court. First, Tudor filed a Motion to Realign Parties (Doc. # 23), asking the Court to rearrange the litigants on the side of the "v" corresponding to their respective interests. Second, Title Pro filed an Objection To and Motion to Strike Defendant's Third Party Complaint (Doc. # 28) that essentially asks to have the case sent back to state court. To support its position, Title Pro discusses how Hall revived his state court declaratory judgment action after Tudor voluntarily dismissed its case before Judge Thompson, and from there argues that state court is the proper place to have the insurance coverage issues litigated due to the pendency of Hall's motion. Third, Bruce Hall filed a Motion to Dismiss (Doc. # 37) that incorporates the arguments in Title Pro's Motion to Strike. Fourth, Chicago Title Insurance Company filed a Motion to Dismiss Tudor Insurance Company's Third Party Complaint (Doc. # 48). Chicago Title Insurance argued, among other things, that the Court should decline to exercise its discretionary authority to decide Tudor's declaratory judgment action and instead leave the resolution of the issues to

6

Alabama's state courts. Fifth, and finally, the state court plaintiffs that were joined as third-party defendants in Tudor's third-party complaint filed a Motion to Dismiss (Doc. # 49) adopting the arguments made by Title Pro in its Motion to Strike and by Chicago Title Insurance in its Motion to Dismiss.

The parties raised a number of collateral issues in these various motions, but the Court will discuss only whether it should exercise its discretionary authority to decide Tudor's request for a declaration that it owes neither a defense nor indemnity to Title Pro and Bruce Hall.

### III. DISCUSSION

Under the Declaratory Judgment Act, a federal court "*may* declare the rights and other legal relations of any interested party seeking" such a declaration. 28 U.S.C. § 2201 (emphasis added). Given the permissive language in the Act, the Supreme Court, starting with its decision in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Assurance Co. of Am. v. Legendary Home Builders*, 305 F. Supp. 2d 1266, 1270 (S.D. Ala. 2003) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995)). In other words, when it passed the Act, "Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Wilton*, 515 U.S. at 288. Hence "there is . . . nothing automatic or

obligatory about the assumption of 'jurisdiction' by a federal court to hear a declaratory judgment action," and "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Legendary Home Builders*, 305 F. Supp. 2d at 1270 (citing *Guar. Nat'l Ins. v. Beeline Stores*, 945 F. Supp. 1510, 1514 (M.D. Ala. 1996) (M. Thompson, J.)).

Comity concerns also factor into the equation. Indeed, the *Brillhart* Court made clear that federal courts should defer to prior pending state court actions to avoid "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation." 315 U.S. at 495. Federal courts should therefore err on the side of dismissing declaratory judgment actions in favor of pending state court suits involving the same parties and the same issues of state law.

Here, the Court initially decided to exercise its discretionary authority to hear the declaratory judgment action removed by Tudor. *See Title Pro Closings, L.L.C. v. Tudor Ins. Co.*, ___ F. Supp. 2d ___, No. 1:11-cv-673-MEF, 2012 WL 125117 (M.D. Ala. Jan 17, 2012). At the time, the Peterses had a pending state court action against Title Pro on liability and damages, and Title Pro had pending a declaratory judgment action against Tudor in federal court. Thus the two cases had different sets of adverse parties and dealt with two different issues. Since then, however, the circumstances have changed: Tudor has voluntarily dismissed the declaratory judgment action pending before Judge Thompson, Hall has revived his state court declaratory judgment action, and Tudor has

filed a third-party declaratory judgment complaint adding Hall, the state court plaintiffs, and Chicago Title Insurance. Each one of these procedural developments favors dismissing the actions now pending before this Court and allowing the state court to decide the disputes.

The Court exercised its discretionary authority over the removed declaratory judgment action because there was "no pending declaratory judgment action in the underlying suit." *Title Pro*, ___ F. Supp. 2d at ___, 2012 WL 125117 at *4. Indeed, the Court relied on how federal courts "routinely adjudicate[] coverage disputes brought under the Declaratory Judgment Act when there is an underlying state court cases on the merits, which involves different issues and different parties (as is the case here)." *Id.* But this is no longer the case. Once Tudor dismissed its case before Judge Thompson, it allowed Hall to revive his state court declaratory judgment action. And Hall took full advantage of the opportunity: he successfully revived his claim on February 2, 2012. So by the time Tudor filed its third-party complaint in this Court ten days later, there was already a state declaratory judgment action pending between the insurer and Hall. As a result, this case no longer involves different issues and different parties than the underlying state court case. These developments vitiate the Court's reasoning for initially deciding that the removed declaratory judgment action "falls outside of *Brillhart*'s reach." *Title Pro*, ___ F. Supp. 2d at ___, 2012 WL 125117 at *4.

Equally important, if Tudor is allowed to proceed with its third-party declaratory

9

judgment action, it would get a second crack at a case it voluntarily dismissed before Judge Thompson after pursuing it past the summary judgment stage. Allowing the insurer to do this would sanction judge shopping, encourage procedural gamesmanship, and let multiply duplicative litigation, thereby ignoring "considerations of practicality and wise judicial administration," *Beeline Stores*, 945 F. Supp. at 514, which the Court must account for when deciding to exercise its discretionary authority. Discouraging these inefficient litigation tactics[4] is yet another sound reason for dismissing Tudor's claim. Accordingly, the Court will grant the motions to dismiss so as to have the parties litigate their disputes once and for all in state court.[5]

## IV. CONCLUSION

Having fully considered the parties' briefs, and for the reasons discussed above, it is hereby ORDERED as follows:

> 1. Title Pro's Motion to Strike Third Party Complaint (Doc. # 28) is GRANTED IN PART and DENIED AS MOOT IN PART. It is

---

[4] The docket sheet had over 130 entries and the parties had sunk almost two years worth of litigation costs into the matter when Tudor voluntarily dismissed the case after Judge Thompson set it for trial.

[5] Tudor makes a number of arguments in an attempt to avoid this result, claiming that it "is entitled" to litigate these issues in federal court; that "Title Pro would have this Court slam the doors on Tudor," which would "prevent Tudor[] from exercising its due process rights to have a judicial determination as to whether . . . there is coverage under its policy of insurance"; and that "Alabama plainly does not have a strong interest in adjudicating Tudor's duties in state court." (Doc. # 38 at 11–12.) These arguments lack merit. Tudor has no right to avail itself of a discretionary remedy. Nor will the insurer have its due process rights denied by having to litigate these claims in state court. Alabama, moreover, has an interest in adjudicating disputes under its law, which is precisely what this case turns on.

granted to the extent that the motion asks for the Court to decline to exercise its discretionary authority over the matter. It is otherwise denied as moot as the state court will have jurisdiction to decide the other arguments made therein.

2. Bruce Hall's Motion to Dismiss (Doc. # 37), which incorporates Title Pro's Motion to Strike, is likewise GRANTED IN PART and DENIED AS MOOT IN PART. It is granted to the extent that it asks for Tudor's complaint to be dismissed and for the Court to decline to exercise its discretionary authority over the matter. It is otherwise denied as moot.

3. Chicago Title Insurance Company's Motion to Dismiss Tudor Insurance Company's Third Party Complaint (Doc. # 48) is also GRANTED IN PART and DENIED AS MOOT IN PART. It is granted to the extent that it asks the Court to decline to exercise its discretionary authority over the matter. The rest of the requests for relief found in the motion are denied as moot.

4. The assorted state court plaintiffs' Motion to Dismiss Third-Party Complaint (Doc. # 49) is too GRANTED IN PART and DENIED AS MOOT IN PART. It is granted to the extent that it asks the Court to decline to exercise its discretionary authority over the matter; it is otherwise denied as moot.

5. Tudor Insurance Company's Motion to Realign the Parties (Doc. # 23) is DENIED AS MOOT.

DONE this the 3rd day of July, 2012.

                                                /s/ Mark E. Fuller
                                       UNITED STATES DISTRICT JUDGE